[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This matter involves an appeal from a decision of the Orange Planning and Zoning Commission ("Commission") denying an application of Shell Oil Products Company ("Shell") for permission under the land use regulations of Orange to operate a self-service car wash on Route 1, "The Boston Post Road".
The plaintiff by agreement of the parties is found to be an "aggrieved person" and consequently competent to prosecute the appeal.
The plaintiff has for some time operated a gasoline station and convenience store at this location and sought by this application to obtain a permit to add a self-service car wash as part of the facility.
The property is located in an area zoned as Commercial C-1. Service stations and food marts are permitted uses in such zones (Sec. 23.1.7 and 23.1.1 Orange Planning and Zoning Regulations). Car wash facilities are a permitted accessory use pursuant to Sec. 23.1.21 and are not specifically excluded under the regulations.
With these regulations in effect, the plaintiff filed its application for the car wash. Review by the Commission resulted in a denial of the application on December 6, 1996. (Record Item 15) The denial was based upon the conclusion of the Commission that the multiple uses were too intense for the site and in violation of the regulations in several particulars. CT Page 12826
Thereafter, the plaintiff resubmitted its application with revisions intended to satisfy the concerns raised in connection with the first application. (Record Item 20) The application was reviewed by the various town and state agencies concerned with such a use and all involved reported that the facility as proposed met concerns that had been raised earlier. Nonetheless, after hearings, the Commission on August 5, 1997 voted to deny the application. (Record Item 31) The basis of the denial was that the multiple uses and on-site traffic patterns were too intense for the size of the property and would create vehicular and pedestrian safety concerns. At the public hearing preceding the vote, these concerns were addressed by the applicants' experts and witnesses in support of the application. No contrary evidence was put before the Commission. (See minutes, p. 5, 6, 7; Record Item 31)
As indicated above, following this meeting on June 3, 1997 the application was denied by vote of the Commission with a vote of three opposed and two in favor. In reviewing the minutes of the meeting giving rise to the denial, it appears that those voting against the application were only concerned with on-site traffic patterns involving tractor-trailer trucks delivering gasoline. No other reservations were expressed by the members opposing the application.
It is the claim of the plaintiff-appellant that the Commission's denial of the application as resubmitted was illegal and arbitrary and not supported by the record. It was denied without reference to any substantial evidence in the record and such action was therefore capricious and arbitrary.
In this case, the plaintiff complied with the requirements established by the zoning authority to maintain and operate a permitted use. The reasons expressed by the Commission on the record were general concerns as to the suitability of the operation in the area when such operations were by the regulations previously enacted found to be appropriate uses. The Commission's only function, therefore, was to determine whether the application met the specific requirements for the permit and if so, to issue the permit as requested. See Fuller Land Use and Practice Sec. 6.3 at p. 121. The designation of a particular use of property as a permitted use establishes a conclusive presumption that such use does not adversely affect the district and precludes further inquiry into its effect on traffic. . . CT Page 12827 or the general harmony of the district. Beit Havurah v. ZoningBoard of Appeals, 177 Conn. 440, 443.
The court concludes that the record does not support the conclusions adopted by the Commission in denying the application and accordingly, the appeal is sustained.
George W. Ripley, Judge Trial Referee